# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 1:14-cv-00599-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.**

**PROCEDURAL HISTORY**

Plaintiff Maria Garcia, proceeding pro se and in forma pauperis, filed this action challenging the denial of Social Security benefits on April 24, 2014. An informal order for pro se litigants was issued by the Court on August 20, 2014 informing Plaintiff of the requirements to prosecute her action. The administrative record in this action was filed on December 1, 2014. Plaintiff's opening brief was due ninety five days after the administrative record was filed.

Plaintiff did not file a timely opening brief; and on March 11, 2015 an order issued requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute. On April 1, 2015, Plaintiff filed a response and the order to show cause was discharged on April 6, 2015. In the order discharging the order to show cause, Plaintiff was ordered to file her opening brief on or before May 8, 2015. Further, Plaintiff was advised that she is required to

comply with the Federal Rules of Civil Procedure and Local Rules, and that any request for an extension of time must be filed prior to the due date. Plaintiff has not filed her opening brief or otherwise responded to the Court's April 6, 2015 order.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file her opening brief by May 8, 2015. Plaintiff has been provided with the informational order for pro se litigants to assist her in prosecuting this action. Plaintiff has neither filed an opening brief nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. Plaintiff filed this action on April 24, 2014, and this action can proceed no further without Plaintiff's cooperation and compliance with the order at issue. The action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Plaintiff is proceeding in this action in forma pauperis and ordering monetary sanctions for the failure to comply would be futile. Further, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. In the August 20, 2014 informational order, Plaintiff was advised that failure to file her opening brief would result in dismissal of this action. (ECF No. 11 at 6.) Similarly, the Court's April 6, 2015 order requiring Plaintiff to file her opening brief expressly stated: "The failure to file an opening brief in compliance with this order will result in a recommendation that this action be dismissed." (ECF No. 17 at 3.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order and her failure to file an opening brief.

## III.

## CONCLUSION AND RECOMMENDATION

Plaintiff has failed to file an opening brief in compliance with the orders of the Court.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, based on Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 12, 2015**

UNITED STATES MAGISTRATE JUDGE